# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT JOSEPH YRIGOYEN,<br><br>Plaintiff,<br><br>v.<br><br>ARTHREX, INC.; GLENN J. HUBER, M.D.; BEACH DISTRICT SURGERY CENTER LP; COASTAL ORTHO f/k/a TORRANCE ORTHOPAEDIC & SPORTS MEDICINE GROUP; and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-00295-ODW(AGRx)<br><br>**ORDER REMANDING ACTION, AND DENYING AS MOOT MOTION TO DISMISS [12], MOTION TO STRIKE [14], AND MOTION TO REMAND [15]** |

## I. INTRODUCTION

On January 14, 2019, Defendant Arthrex, Inc. ("Arthrex") removed this products liability/medical malpractice action to federal court based on alleged diversity jurisdiction. (Notice of Removal ("Notice"), ECF No. 1.) After reviewing Plaintiff Robert Yrigoyen's Complaint, it is clear that some of the Defendants—namely Glenn J. Huber, M.D. ("Huber"), Beach District Surgery Center LP ("BDSC"), and Coastal Ortho ("Coastal")—are not diverse from Yrigoyen, and thus

the Court lacks subject matter jurisdiction. Consequently, this action is **REMANDED** to state court.[1]

## II. FACTUAL BACKGROUND

This products liability and medical malpractice lawsuit arises from surgery to Yrigoyen's shoulder using Arthrex's SwiveLock Device. (Compl. ¶ 42, ECF No. 1-1.) Defendant Huber performed the surgery; Defendant BDSC owns and operates the surgery center where Yrigoyen's surgery occurred; and Defendant Coastal owns and operates the health care facility responsible for overseeing Yrigoyen's care. (*Id.* ¶¶ 4–8; Notice ¶¶ 24–26.) Yrigoyen alleges that Huber, BDSC, and Coastal breached their duty of care as to his medical treatment and that the SwiveLock Device fractured, requiring removal from his shoulder. (Compl. ¶¶ 48–50, 131–41.)

Yrigoyen is a citizen of California. (Compl. ¶ 1.) Arthrex is a Delaware corporation with its principal place of business in Florida. (Compl. ¶ 2.) Defendants Huber, BDSC, and Coastal are all citizens of California. (Compl. ¶¶ 4, 5, 7.) On November 14, 2018, Yrigoyen filed this action in the Los Angeles County Superior Court, case number 18STCV04956.[2] (*See id.*; Notice ¶ 11.) Arthrex was served on December 13, 2018. (Notice ¶ 11.) On January 14, 2019, Arthrex removed the action to this Court. (*See* Notice.) Arthrex did not obtain consent for removal from Defendants Huber, BDSC, and Coastal, but alleges consent is not required because they are not properly joined. (Notice ¶ 12.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court

---

[1] After carefully considering Yrigoyen's Complaint, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

[2] On May 14, 2018, Yrigoyen filed a similar action in the Los Angeles County Superior Court, but voluntarily dismissed that action before Arthrex appeared. (Notice ¶ 10.)

may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *See id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co.*, 360 F.3d at 967.

### IV. DISCUSSION

Arthrex invokes diversity as the basis for the Court's subject matter jurisdiction. (Notice ¶¶ 20–26.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Yrigoyen alleges that he is a California citizen and that Huber, BDSC, and Coastal are all also California citizens. (Compl. ¶¶ 1, 4, 5, 7.) Arthrex does not argue otherwise. (*See* Notice ¶¶ 24–26.) There is no complete diversity.

However, Arthrex argues that the Court should discount the citizenship of Huber, BDSC, and Coastal because they were improperly joined to Yrigoyen's Complaint. (*Id.*) "An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant. . . . [A] non-diverse defendant is said to be fraudulently joined where 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious

according to the settled rules of the state.'" *Sanchez v. Lane Bryant, Inc.*, No. 2:15-cv-04247-CAS (ASx), 2015 WL 4943579, at *2 (C.D. Cal. Aug. 17, 2015) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (citation omitted); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned."). There is a strong presumption against fraudulent joinder, and thus "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (internal citations omitted); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

Yrigoyen asserts claims against Huber, BDSC, and Coastal for medical malpractice and negligent misrepresentation. (Compl. ¶¶ 131–51.) He also asserts a claim for negligence against BDSC. (*Id.* ¶¶ 58–67.) Arthrex argues that Huber, BDSC, and Coastal are fraudulently joined because the claims against them fail as matter of law as they are time-barred, inadequately pled, and Huber, BDSC, and Coastal are procedurally misjoined. (Notice ¶¶ 27–44.) Arthrex also argues that Yrigoyen is barred from suing Huber, BDSC, and Coastal because Yrigoyen's counsel in a prior action discussed suing only Arthrex in federal court. (Notice ¶¶ 27–29.)

The Court disagrees. First, reasonable minds could differ as to when Yrigoyen knew or should have known the cause of his injury. Next, even if Yrigoyen's claims are inadequately pled, it is at least possible that state law would impose liability on

Huber, BDSC, and Coastal under the circumstances described in the Complaint or in a future amended complaint. Further, Yrigoyen's claims against Arthrex, Huber, BDSC, and Coastal arise out of the same event: Yrigoyen's shoulder surgery and use of the SwiveLock Device. Finally, even if Arthrex and Yrigoyen had a binding agreement to litigate in federal court, that does not overcome any jurisdictional defects.

Accordingly, Arthrex simply has not shown by clear and convincing evidence that there is no possibility whatsoever of a jury finding Huber, BDSC, and Coastal liable under at least one of the theories Yrigoyen alleges. *See Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *9 (C.D. Cal. Mar. 5, 2013) ("[A] non-fanciful possibility of liability" precludes application of the sham-defendant doctrine "even where the plaintiff's claim appear[s] 'relatively weak.'"). Therefore, this Court cannot find that joinder of Defendants Huber, BDSC, and Coastal was fraudulent, and the Court cannot discount their citizenship. Accordingly, the Court lacks subject matter jurisdiction and remand is necessary.[3]

///
///
///
///
///
///
///
///
///

---

[3] This Order should not be construed as precluding the possibility of summary judgment in favor of any Defendant. The fraudulent joinder analysis is distinct from the summary judgment analysis. *See Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-cv-00245-LJO (SKOx), 2013 WL 3146809, at *6–13 (E.D. Cal. June 18, 2013).

## V. CONCLUSION

For the reasons discussed, the Court **REMANDS** the action to the Los Angeles County Superior Court, Case No. 18STCV04956.

As the Court finds it lacks subject matter jurisdiction and must remand, the Court **DENIES AS MOOT** Arthrex's Motion to Dismiss (ECF No. 12), Arthrex's Motion to Strike (ECF No. 14), and Yrigoyen's Motion to Remand (ECF No. 15).

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

February 6, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**